[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves to strike the defendant's special defenses on the grounds that they are not permissible in a foreclosure action and to strike defendant's counterclaims on the grounds that they did not arise out of a transaction which is the subject matter of the plaintiff's complaint.
The defendant's special defenses and counterclaims all relate to alleged failure of the plaintiff to fulfill its obligation under a certain settlement agreement of the Town of South Windsor to complete the construction of roads in a subdivision. Defendant's special defenses and CT Page 15724 counterclaims linked the sales agreement between the plaintiff and the defendant (which incorporates by reference the settlement agreement between the plaintiff and the Town of South Windsor) and the purchase money mortgage by the defendant to the plaintiff, herein sued upon, into a single transaction.
The special defenses are proper in this foreclosure action where the plaintiff and defendant are seller and buyer of a tract of land that is the subject of the purchase money mortgage here being foreclosed upon. This court agrees with the holding of Judge Silbert in DecoratorTelephone, Inc. v. Demato, CV 94-0366355, Superior Court, Judicial District of New Haven, September 18, 1997, to the effect that the rule as to special defenses allowed in a foreclosure action brought by a bank against a borrower is not applicable to situations where the mortgagee is the seller of the mortgaged property and the mortgagor is the buyer. As stated by that court, "Where, as here, the mortgagee is also the seller, it would be inequitable to permit the mortgagee/seller to enjoy the rights of a mortgagee by foreclosing on the note and mortgage, while avoiding the responsibilities of the seller by preventing the mortgagor/purchaser from raising special defenses based upon the mortgagee/seller's conduct as a seller. Where the mortgagee is also the seller of the mortgaged property, equity requires that the mortgagor/purchaser be permitted to raise special defenses to foreclosure beyond merely attacking the validity, making or enforcement of the note or mortgage."
The counterclaims arise out of the single transaction of the sale and purchase of the lots and the purchase money mortgage. Consequently, they are properly pled in this action.
For these reasons, the motion to strike the defendant's special defenses and counterclaims is denied.
Robert Satter Judge Trial Referee